UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL JAMES CLOUD,<br><br>   Petitioner,<br><br>   v.<br><br>CDCR/DIRECTOR,<br><br>   Respondent. | Case No.: 1:20-cv-00904-AWI-JLT (HC)<br><br>ORDER DISMISSING PETITION WITH LEAVE TO FILE A FIRST AMENDED PETITION<br><br>[THIRTY-DAY DEADLINE] |

Petitioner filed a Petition for Writ of Habeas Corpus on June 25, 2020. (Doc. 1.) On July 13, 2020, the Court issued findings and recommendation to dismiss the petition for lack of exhaustion. (Doc. 12.) On July 23, 2020, Petitioner filed objections to the findings and recommendation, indicating that he has exhausted state judicial remedies because the California Supreme Court denied his petition on July 15, 2020, and attaching a copy of the denial issued by the California Supreme Court. (Doc. 13.) Accordingly, on July 30, 2020, the Court issued an order withdrawing the findings and recommendation. (Doc. 14.) A preliminary screening of the petition reveals that the petition fails to name the proper respondent. Therefore, the Court will DISMISS the petition with leave to file an amended petition.

**I.    DISCUSSION**

   A.    Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary

1

review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . ."  Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

### B. Failure to Name a Proper Respondent

Petitioner names the CDCR/Director as respondent.  A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2(a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley, 21 F.3d at 360.  However, the chief officer in charge of state penal institutions is also appropriate.  Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency.  Id.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction.  Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).  However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility.  See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).  In any amended petition, Petitioner must name a proper respondent.

Petitioner will be granted an opportunity to file a First Amended Petition to cure this deficiency.  Petitioner is advised that he should entitle his pleading, "First Amended Petition," and he should reference the instant case number.  Failure to comply with this order will result in dismissal of

the action.

## II.     ORDER

Accordingly, the Court ORDERS:

1) The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE for failure to name a proper respondent; and

2) Petitioner is GRANTED thirty days from the date of service of this order to file a First Amended Petition.

IT IS SO ORDERED.

Dated:   **July 31, 2020**                       **/s/ Jennifer L. Thurston**
                                                 UNITED STATES MAGISTRATE JUDGE