**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOEL JAMES CLOUD,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RAYBON JOHNSON, Warden,<br><br>　　　　Respondent. | Case No.: 1:20-cv-00904-JLT (HC)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

　　　　Petitioner is currently serving a sentence of six years in prison for convictions of possessing methamphetamine in jail and resisting an executive officer, with a prior. On June 25, 2020, he filed the instant habeas action challenging the conviction. As discussed below, the Court finds the claims to be without merit and DENIES the petition.

**I.　　PROCEDURAL HISTORY**

　　　　A jury convicted Petitioner of possessing methamphetamine in jail (Pen. Code, § 4573.6; count 1) and resisting an executive officer (§ 69; count 2). People v. Cloud, No. F078297, 2020 Cal. App. Unpub. LEXIS 1864, at *1 (Mar. 23, 2020). Following a bifurcated trial, the jury further found he had a prior felony conviction that constituted a strike. (§ 667, subd. (d).) Id. He was sentenced to six years in prison and ordered to pay various fees, fines, and assessments. Id. Petitioner appealed to the California Court of Appeal, Fifth Appellate District ("Fifth DCA"). The Fifth DCA affirmed the judgment. Id.

On May 10, 2018, Petitioner filed a petition for writ of habeas corpus in the Fifth DCA, which the court denied. (Doc. 23-10.) Petitioner subsequently filed a petition for writ of habeas corpus in the California Supreme Court on July 5, 2018, which the court denied on September 12, 2018. (Doc. 23-11.) Petitioner filed a petition for writ of habeas corpus in Stanislaus County Superior Court, which was denied on July 17, 2018. (Doc. 23-12.) On March 19, 2019, Petitioner filed another petition for writ of habeas corpus in the Fifth DCA, which the court denied. (Doc. 23-13.) On February 7, 2020, Stanislaus County Superior Court again denied Petitioner's petition for writ of habeas corpus. (Doc. 23-14.) The Fifth DCA again denied Petitioner's petition for writ of habeas corpus filed on March 20, 2020. (Doc. 23-15.) Petitioner filed another petition for writ of habeas corpus in the California Supreme Court on April 15, 2020, which the court denied on July 15, 2020. (Doc. 23-16.)

Petitioner filed the instant habeas petition on June 25, 2020, and a first amended petition on August 14, 2020. (Docs. 1, 16.) In response to an order by this Court, the Respondent filed an answer on September 21, 2020. (Doc. 24.) Petitioner filed a traverse on October 1, 2020. (Doc. 26.)

## II.     FACTUAL BACKGROUND

The Court adopts the Statement of Facts in the Fifth DCA's unpublished decision[1]:

*The Offenses*

On December 4, 2017, defendant was in custody at the Public Safety Center and was being processed into the Stanislaus County jail. The prosecution's evidence showed that as he was changing from street clothing into jailhouse attire, defendant attempted to dispose of a package later found to hold 0.16 grams of a substance containing methamphetamine. Defendant first threw the package into the corner of the changing cell, then scuffled with a deputy and tried to put the package in his mouth. Defendant then inserted it into his anal cavity. He subsequently told the investigating officer that he had found the package in a holding cell and, believing it to be methamphetamine, collected it for his own use. Defendant testified at trial that the package was already on the ground in the changing cell at the time he was changing his clothes. When the deputy saw it and asked what it was, defendant grabbed it. He did not know what, if anything, it contained.

*Sentencing*

Defendant was born in December 1979. In July 1998, he was convicted of carjacking (§

---

[1] The Fifth DCA's summary of facts in its unpublished opinion is presumed correct. 28 U.S.C. §§ 2254(d)(2), (e)(1). Therefore, the Court will rely on the Fifth DCA's summary of the facts. Moses v. Payne, 555 F.3d 742, 746 (9th Cir. 2009).

215, subd. (a)) and sentenced to nine years in prison. Execution of sentence was suspended, and he was placed on probation with a jail term as a condition thereof. According to the probation officer's report, in March 2000, defendant's probation was revoked and his prison term executed. That same month, he was convicted of misdemeanor escape (§ 4532, subd. (b)) and given a concurrent jail sentence. In July 2010, he was convicted of misdemeanor battery (§ 242) and placed on probation with a jail term. In May 2013, he was convicted of felony evading a peace officer (Veh. Code, § 2800.2, subd. (a)) and sentenced to five years in prison. In January 2017, he was convicted of misdemeanor being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)) and placed on probation with a jail term. In September 2017, he was convicted of misdemeanor trespassing (§ 602, subd. (*o*)) and ordered to pay a fine. In addition to the foregoing, his postrelease community supervision was violated seven times. (§ 3455, subd. (a).)

Prior to sentencing, defendant asked the trial court to strike his prior strike conviction. He argued the carjacking conviction, which was his only strike, was 20 years old; he did not have an extensive criminal history in that he only had two felony and four misdemeanor convictions; and his last felony conviction was sustained five years earlier, while his last misdemeanor conviction was sustained one year earlier. The prosecutor acknowledged the age of the prior strike conviction, but argued it was a crime of significant violence and, in light of defendant's continued criminal behavior, the *Romero* request should be denied.

The court stated:

"All right. Ruling on whether to strike a prior serious and/or violent felony conviction, the Court must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospect, the defendant may be deemed outside of the scheme, spirit, in whole or in part, and hence should be treated as though he has not been previously convicted of one or more serious and/or violent felonies.

"The only information I have as to [defendant] is his criminal history. I have virtually no information with regard to his background, character, and prospects. Based on the fact that—the only argument in favor of striking the strike is the remoteness of the time. However, the Court feels that is far outweighed by his extensive criminal conduct since that conviction. There is simply insufficient information provided to the Court that would justify striking his 667(d) prior. Accordingly, the Court denies the request to strike the (d) prior."

The court subsequently sentenced defendant on count 2 to the middle term of two years, doubled to four years for the prior strike conviction. As to count 1, the court imposed a consecutive term of one-third the middle term, i.e., one year, doubled to two years for the prior strike conviction. The aggregate term was six years in prison.

People v. Cloud, 2020 Cal. App. Unpub. LEXIS 1864, at *1-5.

## III. DISCUSSION

### A. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. The challenged conviction arises out of the Stanislaus County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C.§ 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997) (holding the AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

### B. Legal Standard of Review

A petition for writ of habeas corpus under 28 U.S.C. § 2254(d) will not be granted unless the petitioner can show that the state court's adjudication of his claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003); Williams, 529 U.S. at 412-413.

A state court decision is "contrary to" clearly established federal law "if it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or "if it confronts a set of facts that is materially indistinguishable from a [Supreme Court] decision but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005) (citing Williams, 529 U.S. at 405-406).

In Harrington v. Richter, 562 U.S. 86, 101 (2011), the U.S. Supreme Court explained that an "unreasonable application" of federal law is an objective test that turns on "whether it is possible that fairminded jurists could disagree" that the state court decision meets the standards set forth in the

AEDPA. The Supreme Court has "said time and again that 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Cullen v. Pinholster, 563 U.S. 170, 203 (2011). Thus, a state prisoner seeking a writ of habeas corpus from a federal court "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." Harrington, 562 U.S. at 103.

The second prong pertains to state court decisions based on factual findings. Davis v. Woodford, 384 F.3d 628, 637 (9th Cir. 2003) (citing Miller-El v. Cockrell, 537 U.S. 322 (2003)). Under § 2254(d)(2), a federal court may grant habeas relief if a state court's adjudication of the petitioner's claims "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Wiggins v. Smith, 539 U.S. 510, 520 (2003); Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997). A state court's factual finding is unreasonable when it is "so clearly incorrect that it would not be debatable among reasonable jurists." Jeffries, 114 F.3d at 1500; see Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004), *cert. denied*, Maddox v. Taylor, 543 U.S. 1038 (2004).

To determine whether habeas relief is available under § 2254(d), the federal court looks to the last reasoned state court decision as the basis of the state court's decision. See Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991); Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). "[A]lthough we independently review the record, we still defer to the state court's ultimate decisions." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

The prejudicial impact of any constitutional error is assessed by asking whether the error had "a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); see also Fry v. Pliler, 551 U.S. 112, 119-120 (2007) (holding that the Brecht standard applies whether or not the state court recognized the error and reviewed it for harmlessness).

C.   Review of Petition

Petitioner raises the following claims for relief in the instant petition: (1) That custody is illegal on a theory that it followed an arrest which, in Petitioner's view, violated California law, and (2) That

defense counsel rendered ineffective assistance.

1. Legality of Arrest

a. *Legal Standard and Analysis*

Generally, the interpretation and application of state laws are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law'"); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"); Sawyer v. Smith, 497 U.S. 227, 239 (1990) (quoting Dugger v. Adams, 489 U.S. 401, 409 (1989) ("[T]he availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution"). To the extent the claim concerns the interpretation and application of state law, it is not cognizable on federal habeas review. Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law"). Moreover, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir. 1989).

Petitioner claims that his custody is illegal on a theory that it followed an arrest which, in Petitioner's view, violated California law. (Doc. 1 at 5-7.) Such challenge does not give rise to a federal question cognizable on federal habeas review. Estelle, 502 U.S. at 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law'"); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings). Thus, the claim is not cognizable on federal habeas and should be rejected.

2. Ineffective Assistance of Counsel

a. *Legal Standard and Analysis*

Effective assistance of counsel is guaranteed by the Due Process Clause of the Fourteenth Amendment. Evitts v. Lucey, 469 U.S. 387, 391-405 (1985). Claims of ineffective assistance of counsel are reviewed according to Strickland's two-pronged test. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir. 1989); United States v. Birtle,

792 F.2d 846, 847 (9th Cir.1986); see also Penson v. Ohio, 488 U.S. 75(1988) (holding that where a defendant has been actually or constructively denied the assistance of counsel altogether, the Strickland standard does not apply and prejudice is presumed; the implication is that Strickland does apply where counsel is present but ineffective).

To prevail, Petitioner must show two things. First, he must establish that counsel's deficient performance fell below an objective standard of reasonableness under prevailing professional norms. Strickland, 466 U.S. at 687-88. Second, Petitioner must establish that he suffered prejudice in that there was a reasonable probability that, but for counsel's unprofessional errors, he would have prevailed at trial. Id. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial. Id. The relevant inquiry is not what counsel could have done; rather, it is whether the choices made by counsel were reasonable. Babbitt v. Calderon, 151 F.3d 1170, 1173 (9th Cir. 1998).

With the passage of the AEDPA, habeas relief may only be granted if the state-court decision unreasonably applied this general Strickland standard for ineffective assistance. Knowles v. Mirzayance, 556 U.S. 111, 122 (2009). Accordingly, the question "is not whether a federal court believes the state court's determination under the Strickland standard "was incorrect but whether that determination was unreasonable–a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Knowles, 556 U.S. at 123. In effect, the AEDPA standard is "doubly deferential" because it requires that it be shown not only that the state court determination was erroneous, but also that it was objectively unreasonable. Yarborough v. Gentry, 540 U.S. 1, 5 (2003). Moreover, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See Yarborough v. Alvarado, 541 U.S. 652, 664 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.")

Petitioner argues that counsel was ineffective for not being aware that an "executive officer" would be upper management and a custodial deputy does not fit in that category. (Doc. 1 at 5.) It appears that Petitioner is merely speculating regarding counsel's awareness, and Petitioner makes no

showing how this would have altered the outcome of the trial. Petitioner fails to show that counsel erred or that the error resulted in any prejudice. The claim should be rejected.

## IV.   CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)   In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)   There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the

Court DECLINES to issue a certificate of appealability.

**V.      ORDER**

Accordingly, the Court ORDERS:

1. The petition for writ of habeas corpus is DENIED with prejudice;

2. The Clerk of Court is DIRECTED to enter judgment and close the case; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **November 3, 2020**               **/s/ Jennifer L. Thurston**
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE